LEMMON, Judge
(concurring).

As to jurisdiction

When this litigation began on July 11, 1974 by the father’s filing a petition for change of custody, the Louisiana court was the only court with jurisdiction to adjudicate the issue, because the minor was domiciled here. That adjudication (by default judgment on December 9, 1974) did not ever become definitive; in fact, inasmuch as a new trial was granted upon timely application (filed December 11, 1974) there is no viable judgment in this case, and the father’s petition for change of custody is still pending.
The jurisdiction of the Louisiana court was not defeated when the child was removed from the state under the authority of a default judgment which was immediately vacated.[1] Furthermore, the minor is still domiciled in Louisiana, where the custodial parent (mother) is domiciled. Therefore, the Louisiana court is still the only court which has jurisdiction to determine change of custody, regardless of where the father is domiciled and regardless of whether he submitted to the jurisdiction of this court.[2]

*125
As to whether to remand or to render judgment on the merits

The case of Gonzales v. Xerox Corp., supra, held that when a judgment of the district court has been set aside and the entire record is before the intermediate appellate court, the latter court (constitutionally authorized to review both facts and law) should review the record and render a judgment. Implicit in this holding, however, is the condition that the record is one which is appropriate for fact finding by a reviewing court.[3]
The present case involves no conflicting testimony and thus would be appropriate for disposition by the reviewing court on the record; however, since the father can bring another action for change of custody at any time and our judgment would have no value as a definitive judgment, a remand to the trial court (to await further action to bring the matter of change of custody to trial) is equally appropriate.

. The husband, after misrepresenting facts to the court in confirming the default judgment, obtained police assistance in removing the child from nursery school under the authority of the judgment.

. In this regard the present case is different from those eases in which jurisdiction over the status (divorce) was originally vested *125 in more than one state and the forum state had “continuing jurisdiction” over ancillary matters (custody) because the nonresident had originally submitted himself to the jurisdiction of that state.

. Of course, in those cases which involve purely factual questions determined by resolution of conflicting testimony (such as the question as to which motorist crossed on the green light), the appellate court normally is not in a position to resolve conflicting testimony, and a remand is necessary. But when the case does not turn on a resolution of conflicting testimony (as apparently was the situation in the Gonzales case), the appellate court should review the facts, apply the proper law, and render judgment based on the record.